IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD A. MATTHEWS, DONILEE J. MATTHEWS, JENNETTE E. MATTHEWS aka JENNETTE E. ALEXANDER,<br><br>      Plaintiff,<br><br>  vs.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7,<br><br>      Defendants. | CIVIL 16-00288 LEK-KSC |

**ORDER GRANTING DEFENDANT'S MOTION TO**
**<u>DISMISS FIRST AMENDED COMPLAINT [DKT. 26]</u>**

On January 31, 2017, Defendant the Bank of New York Mellon, formerly known as the Bank of New York as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2007-OA7, Mortgage Pass-through Certificates, Series 2007-OA7 ("Defendant" and "Defendant Trust"), filed a Motion to Dismiss First Amended Complaint [Dkt. 26] ("Motion"). [Dkt. no. 34.] Pro se Plaintiffs Richard A. Matthews ("R. Matthews"), Donilee J. Matthews ("D. Matthews"), and Jennette E. Matthews ("J. Matthews," all collectively "Plaintiffs"), filed a memorandum in opposition on February 21, 2017, and Defendant filed its reply on

March 24, 2017.[1]  [Dkt. nos. 37, 40.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"), and the Motion is granted for the reasons set forth below.

## BACKGROUND

The background of this matter is well known to the parties, and the Court will only discuss the background relevant to the Motion.  On October 27, 2016, the Court filed its order, *inter alia*, granting Defendant's motion to dismiss ("10/27/16 Order").  [Dkt. no. 24.]  The 10/27/16 Order dismissed all of the claims in the Complaint for Damages and Declaratory Relief ("Complaint"), [Notice of Removal, filed 6/3/16 (dkt. no. 1), Exh. A (Complaint),] but allowed Plaintiffs to file an amended complaint on all but one claim.  [10/27/16 Order at 18-19.]  On December 27, 2016, Plaintiffs filed their First Amended Complaint for Damages and Declaratory Relief ("Amended Complaint").  [Dkt. no. 26.]  The Amended Complaint brings claims against Defendant for: breach of contract ("Count I"); [Amended Complaint at pg. 5, ¶¶ 1-50;] slander of title ("Count II"); [id. at ¶¶ 51-66;] violation of Haw. Rev. Stat. chapter 480 ("Count III"); [id. at

---

[1] The Motion states J. Matthews's name as "Jennette E. Alexander."  [Motion at 1.]  The Court notes that no party has moved to amend the case caption in the instant matter, and the Court will therefore refer to the parties by the names used therein.

¶¶ 67-72;] slander of credit ("Count IV"); [id. at ¶¶ 73-81;] intentional infliction of emotional distress ("IIED" and "Count V"); [id. at ¶¶ 82-85;] fraud ("Count VI"); [id. at ¶¶ 86-124;] misrepresentation ("Count VII"); [id. at ¶¶ 125-30;] civil conspiracy ("Count VIII"); [id. at ¶¶ 131-35;] and quiet title ("Count IX") [id. at ¶¶ 136-55].  The Motion seeks dismissal of all nine claims with prejudice.  [Mem. in Supp. of Motion at 2.]

**DISCUSSION**

Plaintiffs are proceeding pro se, and the Court must liberally construe their pleadings.  See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants." (citation and internal quotation marks omitted)).  Plaintiffs bring claims related to a piece of property in Lahaina, Maui ("the Property").  [Amended Complaint at ¶ 1.]  The 10/27/16 Order explained:

> Plaintiffs assert that, when they purchased the Property, [Axiom Mortgage Bankers Corp. ("Axiom")] acted as a mortgage broker but was not licensed to do so, and therefore "Defendant and its purported predecessor in interest are basing the mortgage on an illegal and unenforceable contract."  [Complaint at ¶¶ 13, 15-16.]  Further, Plaintiffs argue that, pursuant to Beneficial Hawaii Inc. v. Kida, "'loans made by an unlicensed lender are completely unenforceable in judicial foreclosure actions in Hawaii.'"  [Mem. in Opp. to Motion to Dismiss at 9 (quoting Kida, 96 Hawai`i 289, 30 P.3d 895 (2001)).]
>
> First, Plaintiffs do not provide a pincite for the quotation they use to support their

3

argument regarding the Mortgage, and, after a thorough review of the Hawai`i Supreme Court's decision, the Court must conclude that this quotation does not come from <u>Kida</u>. . . .

Plaintiffs correctly point out that, in <u>Kida</u>, the Hawai`i Supreme Court held that the note and mortgage were void and unenforceable. <u>See</u> <u>Kida</u>, 96 Hawai`i at 312, 30 P.3d at 918. However, <u>Kida</u> is easily distinguishable from this case. In <u>Bank of America, N.A. v. Hill</u>, the Hawai`i Intermediate Court of Appeals explained:

> In <u>Kida</u>, although a group known as The Mortgage Warehouse was designated on the loan documents as the "lender" while another entity was the "broker", The Mortgage Warehouse actually acted as the broker since it did not have any of its own funds to lend, but arranged funding from another entity and was compensated for its services in an arrangement known as "table funding". [<u>Kida</u>, 96 Hawai`i] at 306, 30 P.3d at 912. Unlike in <u>Kida</u>, in the present case, there is no evidence that MortgageIt was acting as a broker.
>
> . . . . Even accepting that MortgageIt was not licensed as a broker, and assuming that it made the subject mortgage loan "for compensation or gain", we do not agree that it qualified as a broker under [Haw. Rev. Stat.] § 454-1. The statute also defines a mortgage broker as one who makes a loan **on behalf** of the borrower. <u>Kida</u> held that "we construe the phrase 'on behalf of the borrower,' as set forth in [Haw. Rev. Stat.] § 454-1, as amended, to mean 'in the interest of a borrower' or 'for the benefit of a borrower.'" <u>Id.</u> at 309, 30 P.3d at 915. However, a lender does not automatically act on behalf of a borrower when it lends money to the borrower. <u>McCarty v. GCP Mgmt., LLC</u>, Civil No. 10-00133 JMS/KSC, 2010 WL 4812763 at *4 (D. Haw. Nov. 17, 2010).

4

> "Rather, it is well established that a
> lender acts on its **own** behalf in an
> arms-length loan transaction (even if a
> borrower might in some sense 'benefit'
> from the loan transaction)." Id. Here,
> the only evidence is that MortgageIt
> acted as the lender; nothing indicates
> that it attempted to find financing for
> Hill from any other lender besides
> itself. Absent evidence that MortgageIt
> acted as Hill's mortgage broker, the
> note and mortgage are not void. See
> Wilson v. Noel, No. CAAP-12-0000098,
> 2015 WL 2226273 at *2 (Haw. App. May 12,
> 2015) ("Because Wind River Brokers did
> not broker Noel's mortgage loan
> transaction, their unlicensed status
> does not affect the validity of Noel's
> note and mortgage."); Fed Home Loan
> Mort[g]. Corp v. Padron, No. CAAP-13-
> 0001153, 2015 WL 405637 at *2 (Haw. App.
> Jan. 29, 2015) (rejecting the argument
> that a note and mortgage were void
> where, although the lender,
> SecurityNational, was not a licensed
> mortgage broker, "SecurityNational was
> acting on its behalf as a lender, not on
> behalf of Padron as a broker.").

No. CAAP-13-0000035, 2015 WL 6739087, at *8-9 (Ct.
App. Oct. 30, 2015) (emphasis in original)
(footnote omitted). Here, the Mortgage lists the
"Borrower" as the Trust and J. Matthews and the
"Lender" as Axiom.[2] Plaintiffs argue that Axiom
worked for the interest or for the benefit of the
borrower Plaintiff. However, "nothing indicates

---

[2] Plaintiffs assert that, on May 18, 2012, Axiom assigned
the mortgage to Defendant. [Amended Complaint at ¶ 5.] The
Mortgage is attached to the Amended Complaint as Exhibit 2. "A
court may . . . consider certain materials – documents attached
to the complaint, documents incorporated by reference in the
complaint, or matters of judicial notice – without converting the
motion to dismiss into a motion for summary judgment." See
United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (some
citations omitted) (citing Van Buskirk v. CNN, 284 F.3d 977, 980
(9th Cir. 2002)).

5

>     that it attempted to find financing for
>     [Plaintiffs] from any other lender besides
>     itself." See Hill, 2015 WL 6739087, at *9.

[10/27/16 Order at 10-15 (footnote, some citations, and some internal quotation marks omitted).]

In the Amended Complaint, Plaintiffs base all of their claims upon their belief that Axiom acted as an unlicensed mortgage broker. With regard to Count I, Plaintiffs state: "Axiom acted for the benefit of the Plaintiffs, were not licensed mortgage brokers at the time, and therefore the mortgage itself was illegally obtained and void." [Amended Complaint at ¶ 11 (emphasis omitted).] Plaintiff alleges the same thing in support of Count II. See id. at ¶ 56. Count III alleges that, "if the Court does not issue an order ceasing and desisting the Defendants from any further attempts to continue to unlawfully bill amounts, and unlawfully enforce the void note and mortgage . . . , then the Plaintiff will continue to suffer irreparable harm." [Id. at ¶ 72.] Like Count III, Counts IV and V allege that slander of title and IIED, respectively, resulted from Defendant's attempts to enforce a void note. See id. at ¶¶ 81, 85. Count VI challenges charges to Plaintiffs' account because "each of them were not entitled to enforce a void note; was not permitted to impose false fees; [and] not entitled to put false charges on the Plaintiffs['] account." [Id. at ¶ 119.] In addition, Count VII states that Defendants committed

6

misrepresentation because it "made a statement or provided information, in this case, the statement is that the Trustee could sell the property based on a void mortgage and void note that was originated by the lender/broker who was not licensed to do business in this state."  [Id. at ¶ 126(a).]  Similarly, Plaintiffs allege that Defendant "conspired with each other and on each other's behalf," by, inter alia, "originat[ing] and . . . now enforcing a mortgage by an unlicensed lender."[3]  [Id. at ¶ 132.]  Finally, Count IX states that Plaintiffs are entitled to quiet title for the same reason that they said they are entitled to relief on Counts I and II:  "Axiom acted for the benefit of the Plaintiffs, were not licensed mortgage brokers at the time, and therefore the mortgage itself was illegally obtained and void."  [Id. at ¶ 144 (emphasis omitted).]

First, the Court notes that Plaintiff cites the same nonexistent Kida quotation.  See Amended Complaint at ¶¶ 12, 57, 145.  Plaintiffs' argument regarding Kida therefore fails as a matter of law.  Further, to the extent that Plaintiffs argue that, because Axiom provided them with a number of possible lenders and "[t]he Axiom loan was ultimately chosen because the terms w[]ere the most favorable," [id. at ¶¶ 8-10,] their argument is unavailing.  As the aforementioned quotation from

---

[3] Plaintiffs state that "[d]efendants, and each of them," conspired, but only names Defendant. [Amended Complaint at ¶ 132.]

7

10/27/16 Order explains, in Kida the lender engaged in something known as "table funding." The Amended Complaint, however, does not allege that Axiom engaged in such a practice, nor that Axiom was not able to fund the money for the Mortgage. Plaintiffs have again failed to state a claim upon which relief can be granted, and all of the claims in the Amended Complaint must therefore be dismissed. See Fed. R. Civ. P. 12(b)(6).

Finally, the 10/27/16 Order noted that, "if the amended complaint fails to cure the defects identified in this Order, the Court will dismiss this action with prejudice." [10/27/16 Order at 21.] Given the history of this action and Plaintiffs' inability to cure the defects that the Court identified in the Complaint, any further leave to amend would be futile. Accordingly, the Court grants the Motion and dismisses the Amended Complaint with prejudice. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).[4]

---

[4] Defendant raises a number of issues with the Amended Complaint, including that R. Matthews and D. Matthews do not have standing to pursue the claims against Defendant. See Mem. in Support of Motion at 6-8. While many of these arguments have merit, the Court does not need to address them because it has dismissed the Amended Complaint on other grounds.

**CONCLUSION**

On the basis of the foregoing, Defendant's Motion to Dismiss First Amended Complaint [Dkt. 26], filed on January 21, 2017, is HEREBY GRANTED, and Plaintiffs' First Amended Complaint for Damages and Declaratory Relief, filed on December 27, 2016, is HEREBY DISMISSED WITH PREJUDICE. The Court DIRECTS the Clerk's Office to enter judgment and close this case on **July 21, 2017**, unless Plaintiffs file a motion for reconsideration of this Order by **July 17, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 30, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RICHARD A. MATTHEWS, ET AL. VS. THE BANK OF NEW YORK MELLON, ETC., ET AL; CIVIL 16-00288 LEK-KSC; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**