IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD A. MATTHEWS, DONILEE J. MATTHEWS, JENNETTE E. MATTHEWS aka JENNETTE E. ALEXANDER,<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7,<br><br>Defendants. | CIVIL 16-00288 LEK-KSC |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THE ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS**

On July 17, 2017, pro se Plaintiffs Richard A. Matthews, Donilee J. Matthews, and Jennette E. Matthews (collectively "Plaintiffs"), filed a Motion for Reconsideration of the Order Granting the Defendant's Motion to Dismiss ("Motion"). [Dkt. no. 45.] In an Entering Order filed on July 18, 2017, the Court informed the parties that it would not accept any further briefing on this matter. [Dkt. no. 46.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal

authority, Plaintiffs' Motion is hereby denied for the reasons set forth below.

## BACKGROUND

The background of this matter is well known the parties, and the Court only repeats what is relevant to the Motion. This case concerns Plaintiffs' property located in Lahaina, Hawai`i on the Island of Maui. [First Amended Complaint for Damages and Declaratory Relief ("Amended Complaint"), filed 12/27/16 (dkt. no. 26), at pg. 4, ¶ 8.] On June 30, 2017, the Court filed its Order Granting Defendant's Motion to Dismiss First Amended Complaint [Dkt. 26] ("6/30/17 Order"). [Dkt. no. 44.[1]] The 6/30/17 Order ruled that the Amended Complaint failed to state a claim upon which relief could be granted because "Plaintiffs base[d] all of their claims upon their belief that Axiom [Mortgage Bankers Corp. ("Axiom")] acted as an unlicensed mortgage broker," which was not true. [6/30/17 Order at 6.]

## STANDARD

A motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (citation and internal

---

[1] The 6/30/17 Order is also available at 2017 WL 2838247.

2

> quotation marks omitted). This district court
> recognizes three circumstances where it is proper
> to grant reconsideration of an order: "(1) when
> there has been an intervening change of
> controlling law; (2) new evidence has come to
> light; or (3) when necessary to correct a clear
> error or prevent manifest injustice." Tierney v.
> Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585,
> at *1 (D. Hawaii May 1, 2013) (citing School
> District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262
> (9th Cir. 1993)). "Mere disagreement with a
> previous order is an insufficient basis for
> reconsideration." Davis, 2014 WL 2468348, at *3
> n.4 (citations and internal quotation marks
> omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

## **DISCUSSION**

Plaintiffs seek reconsideration on two grounds: (1) "[t]he Court did not address the fact that the Complaint states a clear and precise claim for violation of the Fair Debt Collection Practices Act [('FDCPA')]"; and (2) the Court incorrectly applied Beneficial Hawaii v. Kida, 96 Hawai`i 289, 30 P.3d 895 (2001). [Motion at 2, 7 (emphasis omitted).] The Court will address each of these in turn.

### I. **Plaintiffs' FDCPA Claims**

With regard to the FDCPA, 15 U.S.C. § 1692 *et seq.*, as part of their breach of contract claim, Plaintiffs allege that Defendant made over fifty wrongful charges and debits ("Count I"), [Amended Complaint at pgs. 9-15, ¶¶ 16-50,] and then repeat

3

some version of these allegations in many of their other claims. See, e.g., Amended Complaint at pg. 31, ¶ 117 ("Defendant imposed fraudulent charges and breached the agreement"); id. at pg. 36, ¶ 133 (same). In the 6/30/17 Order, the Court ruled that all of the claims were based upon Plaintiffs' repeated, and incorrect, assertion that the note and mortgage were void and unenforceable. See 6/30/17 Order at 6-8. While the Amended Complaint states, *inter alia*, that "even if the Court would find the agreement . . . valid, the Defendant breached the agreement by" the allegedly wrongful and debits, [Amended Complaint at pg. 9, ¶ 16,] the Court did not find these allegations sufficient to stand on their own.

Second, it is clear to the Court that many of the allegations in the Amended Complaint have nothing to do with the Property.

> On a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell [v. Golden State Warriors], 266 F.3d [979,] 988 [(9th Cir. 2001)]; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Jinadasa v. Brigham Young Univ.-Haw., Civil No. 14-00441 SOM/BMK, 2015 WL 3407832, at *2 (D. Hawai`i May 27, 2015). Here, the Mortgage is attached to the Amended Complaint as Exhibit 2. See

4

United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." (some citations omitted) (citing Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002))). The Mortgage is dated November 9, 2006, and names Plaintiffs as the "Borrower" and Axiom as the "Lender." Plaintiffs assert that, on May 18, 2012, Axiom assigned the mortgage ("Mortgage") to Defendant. [Amended Complaint at pg. 7, ¶ 5.] Many of the allegedly wrongful charges took place before the mortgage was signed. See, e.g., id. at pgs. 9-10, ¶¶ 17-22 (alleging wrongful charges made on, *inter alia*, 5/23/05, 7/29/05, 8/31/05, 4/17/06, 5/10/06, 6/13/06, 6/14/06, 7/13/06, 8/10/06, 8/14/06, and 9/13/06). Moreover, Plaintiffs allege that:

> On or about 2009, 2010 & 2011 the Defendant imposed fraudulent charges and breached the agreement, paragraphs 2-4, by escrowing payments where it was improper to do so. Plaintiff provided "written statements" from the taxing authorities (Harris County, Macolmson Road UD & Tomball School District), property insurance company and the HOA to Bank of America Escrow Department showing that Plaintiff timely paid those amount [sic]. Hence, there was no need for escrow account.

[Id. at pg. 10, ¶ 25 (emphases omitted).] The taxing authorities mentioned in the Amended Complaint have no relationship to the Property or Maui County, nor do Plaintiffs allege or explain the

relationship between Defendant and Bank of America's Escrow Department.[2]  In its October 27, 2016 Order ("10/27/16 Order"), [dkt. no. 24,] the Court dismissed Plaintiffs' complaint with leave to amend, noted the same reference to irrelevant "taxing authorities," and warned "[t]he Court will not accept any amended complaint that includes information or claims that are not relevant to the instant case."  [10/27/16 Order at 19-20.] Plaintiffs did not heed the Court's warning.

Finally, even if the Court were to specifically consider Plaintiffs' allegations regarding the FDCPA, they are unavailing.  Plaintiffs state that they alleged FDCPA violations pursuant to 15 U.S.C. §§ 1692e and 1692f.  [Motion at 2.] Section § 1692e prohibits a "debt collector" from making "misleading representation[s]," and § 1692f prohibits a "debt collector" from engaging in "unfair or unconscionable means." The FDCPA defines a debt collector as, *inter alia*, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect,

---

[2]  The Court also notes that Plaintiffs' Motion states, "Bank of America was a party to the attached case and they knew that the charges they imposed in the attached case and knew the fraudulent charges imposed by SPS as a debt collector were false and fraudulent." [Motion at 6.]  Bank of America is not a party to this case.  Moreover, while "SPS" is mentioned in the Amended Complaint, see Amended Complaint at pg.9, ¶ 20, Plaintiffs do not explain what SPS is or its relevance to their claims.

6

directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Ninth Circuit has explained that the first definition requires Plaintiffs to "provide a[] factual basis from which [the Court] could plausibly infer that the principal purpose of [Defendant's] business is debt collection," and that the second part of the definition requires "factual allegations from which we could plausibly infer that [Defendant] regularly collects debts owed to someone other than [Defendant]." Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1209 (9th Cir. 2013). Plaintiffs do not allege that Defendant's principal purpose is debt collection, nor do they allege that Defendant's have sought to collect any debt for the benefit of another. Accordingly, Plaintiffs have not provided any reason for the Court to reconsider the 6/30/17 Order with regard to their FDCPA claims.

## II. The Court's Application of *Kida*

Plaintiffs' second argument is equally unavailing. In support of their position that the Court should reconsider its ruling regarding whether or not Axiom acted as a mortgage broker, Plaintiffs copy and paste a number of paragraphs from their Amended Complaint, and assert that "[j]ust because this is a Federal Court does not mean that the Plaintiff should be deprived of his State Rights granted him under the terms of the very clear language of the State Statute." [Motion at 8.] The 6/30/17

7

Order explained that, "in <u>Kida</u> the lender engaged in something known as 'table funding.' The Amended Complaint, however, does not allege that Axiom engaged in such a practice, nor that Axiom was not able to fund the money for the Mortgage." [6/30/17 Order at 8.] Plaintiffs do not address the Court's ruling, and again fail to point out where they alleged that Axiom table funded the mortgage. Plaintiffs are free to disagree with the Court's rulings, but disagreement does not provide grounds upon which the Court may grant the Motion. See <u>Davis</u>, 2014 WL 2468348, at *3 n.4. The Motion is therefore denied.

## **CONCLUSION**

On the basis of the foregoing, pro se Plaintiffs Richard A. Matthews, Donilee J. Matthews, and Jennette E. Matthews's Motion for Reconsideration of the Order Granting the Defendant's Motion to Dismiss, filed on July 17, 2017, is HEREBY DENIED. The Court DIRECTS the Clerk's Office to enter final judgment and close this case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 14, 2017.



　　　　　　　　　　　　　　　　 /s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States District Judge

**RICHARD A. MATTHEWS, ET AL. VS. THE BANK OF NEW YORK MELLON, ETC., ET AL**; CIVIL 16-00288 LEK-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS